No. 3263.

(Court of Appeal, Parish of Orleans.)

WILLIAM S. DELANEY vs. FRANK N. WILCOX.

1. The burden of proof is on him who pleads want of consideration to a note.

2. The issues of fact are determined adversely to the defendant.

Appeal from Civil District Court, Division E.

Jos. F. Walton, Plaintiff and Appellee.

Rufus E. Foster, Defendant and Appellant.

DUFOUR, J. This suit on a promissory note is met with a plea of want of consideration.

The substantial allegations of the defense are that plaintiff entered into a verbal agreement of partnership with defendant and one Gaiennie, that the sum received for the note was not for defendant's personal account but was plaintiff's contribution to the partnership, and that said note was intended to be and actually was discounted in bank for the purpose of enabling the plaintiff to get cash to put into the partnership.

The defendant has signally failed to overcome the presumption of consideration which the note imports. His testimony is halting and inconsistent and in the reading, does not impress us any more forcibly than, in the hearing it seems to have impressed the district judge, who closely interrogated the witness. After stating generally that partnership was formed, he admits that there was no agreement as to the amount to be contributed by each party, or as to proportion of profit or loss to each, and he does not show any of the elements going to constitute a partnership. Considering that Delaney had just received a certificate for $1000, signed by defendant as architect for work done on the Jackson Brewery, it is difficult to see why he should have needed Wilcox' note to raise money with. And if the money given for a partnership contribution, why should Wilcox have given his note for it. Indeed he seems to have realized this himself as appears from the following:

Q. " If he gave you $200, for the purpose of representing his contribution to the partnership, why should you have given him your note?"

A. " I don't know myself."

The testimony of the bank clerk shows that the note was not

15

discounted, but was deposited by Delaney for collection.

The defendant's testimony did not make a "prima facie" showing sufficient to shift the burden of proof, and it does not lie in his mouth to comment on the plaintiff's failure to testify, when he himself fails to put on the stand three persons said by him to have been witnesses to the alleged partnership agreement.

Our able and careful brother of the Court of first instance thought the defense had failed, and the record clearly warrants his conclusion.

Judgment affirmed.